UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAVTECH US SURVEYORS USSA INC., NAVTECH US CAPTAIN SURVEYORS, INC. and NAVTECH CAPTAIN US SURVEYORS LLC, a Florida corporation

    Plaintiffs,

v.                                         Case No: 2:18-cv-416-FtM-99MRM

BOAT/U.S., INC.,

    Defendant.
_____/

## **ORDER**[1]

Before the Court on *sua sponte* review is Defendant Boat/U.S., Inc.'s ("Boat") Notice of Removal. (Doc. 1). Subject-matter jurisdiction is based on diversity. (Doc. 1 at ¶ 4).

A removing defendant bears the burden to prove complete diversity at the time of removal. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017). When an LLC is a named party, the citizenship of each individual LLC member must be diverse from the opposing party. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Here, it appears from the case caption that there are three named plaintiffs. (Doc. 2). But, Boat claims that the Court should ignore a named party, Navtech US Captain US Surveyors LLC ("Navtech LLC"), because it is not a real party in interest and thus has no effect on diversity. (Doc. 1 at ¶ 16). Boat cites two cases in support of this general proposition. (Doc. 1 at ¶ 16; s*ee Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (only those parties with a real and substantial stake in the litigation are considered for diversity purposes); *Broyles v. Bayless*, 878 F.2d 1400, 1406 (11th Cir. 1989) (holding a motorists' third party insurance carrier did not substantially control the litigation and thus was not a real party in interest)). Although Boat's claim may be correct, the Court still has concerns about its power to hear this case.

And because the Court has limited jurisdiction, removal based on diversity jurisdiction requires the Court "in certain contexts to look behind the pleadings to ensure that the parties are not improperly creating or destroying diversity jurisdiction." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014). Boat's cursory assumptions fail to prove that Navtech LLC is a nominal party, and not a substantial one. Boat admits that "it is not known why the Delaware company [Navtech LLC] is included in the caption and introductory paragraph of the complaint, but it is possible that it [. . .] is named only as a predecessor." (Doc. 1 at n. 1). This ambiguity in the complaint is problematic.

Thus, the Court will give Boat the opportunity to meet its burden to prove subject-matter jurisdiction because Navtech LLC is not a real party in interest. In the alternative, Boat must identify the citizenship of each LLC member to satisfy the Court that complete diversity exists between the parties.

Accordingly, it is now

**ORDERED:**

Defendant Boat/U.S., Inc. shall **SHOW CAUSE**, in writing, on or before July 18th, 2018, why this case should not be remanded for failure to establish subject-matter jurisdiction based on the presence of diversity jurisdiction at the time of removal. Failure to comply with this Order will result in this case being remanded without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of July 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record