UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No: 2:18-cv-416-FtM-99MRM

NAVTECH US SURVEYORS USSA INC.,
NAVTECH US CAPTAIN SURVEYORS,
INC. and NAVTECH CAPTAIN US
SURVEYORS LLC, a Florida corporation,

        Plaintiffs,

v.

BOAT/U.S., INC.,

        Defendant.
_____/

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR ORAL ARGUMENT**

*RESPONSE TO MOTION TO DISMISS*

Plaintiffs, by and through counsel, file this response in opposition to Defendant BOAT/U.S., INC., motion to dismiss for want of subject matter jurisdiction / failure to state claim pursuant to Rules 12(b)(1) and 12(b)(6) as follows:

*12(b)(1) Basis Arguments*

1. Pursuant to the tenets of 28 U.S.C. §§ 1332, 1441, 1446 and Middle District Local Rule 4.02, Defendant has previously argued that subject matter jurisdiction should be conferred by the federal forum by virtue of filing its notice of removal.

2. Further, Defendant also has conceded the validity of the damages in the claim for an amount in controversy in excess of $75,000.00. Defendant provides the amount in

1

controversy has been sufficiently pleaded in good faith yet perplexingly describes the complaint as "difficult to understand." (Motion to Dismiss at Page 1, Paragraph 2).

3. As the Defendant has removed the cause of action to the federal forum, the same party thereby avers that jurisdiction over the subject matter should be conferred by the honorable court.

4. However, in its very next filing, Defendant immediately thereafter argued that the federal court lacks jurisdiction to provide any relief in the action.

5. The question presented by the Motion to Dismiss with prejudice filed by Defendant is as follows: How can a Defendant seek federal jurisdiction through its removal and then in its very next filing claim that the same court lacks jurisdiction?

6. This is in contradiction to the concept of removal – whereby Defendant specifically alleges that the action *should* be heard in federal court.

7. Because Defendant argues that the action *should* be heard in federal court (by filing its Notice of Removal) and thereafter argues that the action *cannot* be heard in federal court (by filing its Motion to Dismiss for lack of subject matter jurisdiction), Defendant's argument fails as a matter of law because a litigant cannot come to court seeking jurisdiction, explaining why that same jurisdiction is appropriate, and then deny that same jurisdiction in its next statement to the court.

8. Therefore, Defendant's argument fails as a matter of law because Defendant's intention to seek relief within the federal forum cannot then be met with Defendant's very next argument that the same federal forum sought by Defendant lacks jurisdiction to hear the case.

9. Accordingly, Defendant's motion to dismiss should be denied.

### *12(b)(6) Basis Arguments*

10. Defendant claims that its activities are protected by the First Amendment.

11. This is an inapplicable and invalid argument. Further, it is outside the scope of the motion to dismiss and is a substantive affirmative defense for privileged conduct, not a basis for dismissal.

12. Further, even if protections afforded by the First Amendment were a valid affirmative defense for this cause of action, the defense is inapplicable because there is no government action in this controversy.

13. First Amendment protections are specifically reserved protections for private persons or corporations to prevent infringement upon those rights by the government.

14. In the instant action, there is no government actor infringing upon the rights of any party. Accordingly, Defendant's argument outlined and captured by its argument that "freedom of speech prohibits the government from telling people what they must say." *Agency for Int'l Dev. v. Alliance for Open Soc'y Intl., Inc.*, 570 U.S. 205, 2013 (2013) (***see Defendant's Motion to Dismiss at page 6, paragraph 3***) is inapplicable. Defendant maintains an argument justifying a defense against government overreach. These arguments and cited case law are wholly inapplicable to the instant action.

15. Because of the inapplicability of the arguments, Defendant's Motion to Dismiss cannot stand.

16. It is undisputed that the First Amendment of the United States Constitution only applies to government actors infringing upon the rights of corporations or citizens - it is not a mechanism to provide legal privileges between actors in private business

disputes. "Simply put, the defendant is a private entity, not a governmental entity, and thus is legally incapable of violating anyone's First Amendment rights." *Manson v. Little Rock Newspapers, Inc d/b/a Arkansas Democrat-Gazette*, 200 F.3d 1172 (2000).

### *Motion for Oral Argument Pursuant to Rule 3.01(j)*

17. As the Honorable Court has recently ordered Defendant to show cause as to why the case should not be remanded to the state forum, Plaintiffs humbly request oral argument on the instant motion to dismiss with prejudice. Oral argument is proper to supplement novel issues of law and the inherent claim by Defendant that FDUTPA violations may be in violation of the Federal First Amendment.

18. Further, should Defendant successfully argue against its contradictory position that it seeks jurisdiction of a court *that purportedly has no subject matter jurisdiction*, Plaintiffs seek leave to amend its complaint should Defendant successfully show cause as to how a forum with jurisdiction purportedly may not maintain such jurisdiction.

19. The novel issues of law and complexities of the arguments in this motion warrant oral argument. Further, Plaintiffs seek leave to amend the complaint should the Honorable Court elect avoidance of remanding to the state forum upon outcome of the hearing.

20. Specifically, issues raised by this motion include
    a. A novel approach of seeking federal jurisdiction through removal and then denying that jurisdiction;

b. Novel issues of First Amendment Protections have been raised by Defendant in its claim that government protections may extend to the FDUTPA claim(s) and equitable relief to be heard in the Federal Forum;

c. This may be a substantial issue of law relating to the *Grable* factors in the constitutionality of FDUTPA claims as raised by the First Amendment protections

d. Accordingly, federal jurisdiction may be appropriate if Defendant is, in fact, testing the outer limits of the federal free speech protections afforded to corporations within the limitations of commercial speech

/s/ *Robert B. H. Phaneuf, Esq.*

Robert B. H. Phaneuf

3585 Deer Creek Palladian Circle

Deerfield Beach, Florida

33442

Florida Bar Number 123360

Phone Number (305) 890-0296

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 12th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sally R. Culley; Lori J. Caldwell

lcaldwell@rumberger.com; lcaldwellsecy@rumberger.com; cophoff@rumberger.com; sculley@rumberger.com ; docketingorlando@rumberger.com;

/s/ *Robert B. H. Phaneuf, Esq.*

Robert B. H. Phaneuf

Florida Bar No. 123360

E-mail: Robbie.Phaneuf@gmail.com

Attorney for Plaintiffs