IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

NAVTECH US SURVEYORS USSA
INC., a Florida Corporation, as successor to
NAVTECH US CAPTAIN US SURVEYORS, INC.,
a Florida Corporation; NAVTECH US CAPTAIN
US SURVEYORS LLC, a Delaware Corporation,

D/B/A "NAVTECH"

                                                               CASE NO.2:18-cv-416-FtM-99MRM

      Plaintiff,
vs.

BOAT/U.S., INC. A/K/A "Boat America Corporation,"
a foreign corporation,

      Defendant.
_____/

**DEFENDANT BOAT/U.S., INC.'S RESPONSE
TO COURT'S ORDER TO SHOW CAUSE [DOC. 17]**

Defendant, Boat/U.S., Inc., hereby responds to this Court's Order to Show Cause [Doc. 17], and respectfully requests that this Court retain subject matter jurisdiction of this matter, based on the allegations in the Complaint. Though Boat/U.S. recognizes and understands the Court's concerns, there is a good basis for this Court to exercise diversity jurisdiction over this lawsuit. As further discussed below, a reasonable construction of the Complaint (indeed, the only reasonable construction) is that Navtech US Surveyors USSA, Inc. ("Navtech-Florida") is the *only* Plaintiff in this case and the only real party in interest, with regard to the claims that have been asserted against Boat/U.S. in the Complaint. Because Navtech US Captain US Surveyors LLC, a Delaware limited

liability company[1] ("Navtech-Delaware"), has not asserted any claims against Boat/U.S. and the Complaint does not otherwise demonstrate that Navtech-Delaware has any stake in the litigation, it cannot be deemed to be a real party in interest and, thus, its citizenship is not relevant to a determination of diversity jurisdiction.

I. Complaint

The Complaint alleges that Navtech-Florida, which is defined to be "the Plaintiff,"[2] is a Florida corporation which operates in Lee County, Florida. Compl. ¶2. It is alleged that Navtech-Florida provides education and licensure services in the Marine Surveyor Education industry and has subscribing members. Compl. ¶¶7, 9. The Complaint further alleges that actions by Boat/U.S. in showing preference for two other marine surveyor organizations have caused the members of Navtech-Florida (or perhaps Navtech-Florida itself) to lose business. Compl. ¶¶11-18. Based on these allegations, Navtech-Florida asserts two causes of action against Boat/U.S. for tortious interference with business relations and a violation of Florida's Deceptive and Unfair Trade Practices Act, and seeks recovery of $1.1 million in damages.

Although Navtech-Delaware is included in the caption and introductory paragraph of the Complaint, there are no factual allegations regarding Navtech-Delaware anywhere in the body of the Complaint or otherwise linking Navtech-Delaware to the claims

---

[1] Navtech-Delaware is incorrectly identified in the caption of the Complaint to be a Delaware corporation.

[2] Indeed, throughout the Complaint, only the singular version of "Plaintiff" is used (even in the caption and introductory paragraph). The plural term "Plaintiffs" is not used even once in the Complaint.

asserted by Navtech-Florida.[3] Navtech-Delaware itself asserts no causes of action against Boat/U.S., nor does it appear to have any interest in Navtech-Florida's claims. Specifically, the Complaint contains no allegations regarding Navtech-Delaware's place of business, location or type of operations, whether it is involved in the marine surveying industry, whether it has members, or whether the alleged actions of Boat/U.S. have had any effect on it whatsoever. In addition, there are no allegations that Navtech-Delaware is a beneficiary, insurer, owner, trustee, agent, principal, secured creditor, partner, or joint venturer of Navtech-Florida, or that it otherwise has a legal interest in the claims that have been asserted by Navtech-Florida.

II. <u>Diversity Jurisdiction</u>

A defendant may remove a civil case from state court if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.A. §1332(a). A removing party bears the burden of establishing diversity jurisdiction at the time of removal. *Taylor v. Tractor Supply Co.*, 2014 WL 2612023, *1, Case No. 2:14-cv-169-FtM-38DNF (M.D. Fla. June 11, 2014).

With regard to diversity jurisdiction, "the 'citizens' upon whose diversity a [party] grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 460 (1980). The Eleventh Circuit has defined "real

---

[3] There is another entity named in the caption and introductory paragraph – Navtech US Captain US Surveyors, Inc. – but Boat/U.S. does not analyze that entity in this Response since it is a Florida corporation with its principal place of business in Lee County, Florida, and thus does not has any effect on complete diversity.

3

party in interest" to be "a party that has a real and substantial stake in the litigation and who exercises *substantial control* over the litigation." *Broyles v. Bayless*, 878 F.2d 1400, 1403 (11th Cir. 1989), citing *Navarro*, 446 U.S. at 465 (emphasis in original).

Undersigned counsel was unable to find any cases in the 11th Circuit in which a party was named as a plaintiff in the caption of a complaint but not included in any of the factual allegations, causes of action, or claims for damages asserted in the complaint. But there are similarities to *Choi v. Kim*, 50 F.3d 244 (3d Cir. 1995), in which an attorney-in-fact, Murphy Inbum Song, filed a lawsuit on behalf of his principal, Shik Choi. Mr. Song was referenced in the caption of the Complaint and one other time in the body of it, but otherwise the Complaint referenced only Mr. Choi. The Third Circuit found that it was clear, based on the face of the Complaint, reasonably construed, that Mr. Choi was the named plaintiff and the real party in interest. *Id.* at 247. *See also LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 180 F.Supp.2d 465 (S.D.N.Y. 2001) (party named as plaintiff in caption but not otherwise referred to in complaint was not a "named plaintiff" nor a real party in interest); *McAlpin v. RLI Ins. Co.*, 320 F. Supp. 2d 42 (W.D. N.Y. 2004) (defendants against whom no causes of action were asserted were not real parties in interest); *Simon v. Solaris Power Services, LLC*, 2017 WL 6803880, Case No. 4:17-cv-0152-DGK (W.D. Mo. December 8, 2017) (parties named as defendants but against whom no causes of action were asserted were fraudulently joined).

III. Analysis

Here, as a practical matter, Navtech-Delaware does not appear on the face of the complaint to have a "real and substantial stake in the litigation" because it has not

4

asserted any claims in the lawsuit, nor does it appear that it would receive any benefit from the business tort claims asserted by Navtech-Florida. Indeed, the only reasonable construction of the Complaint is that Navtech-Florida is the sole plaintiff, and that Navtech-Delaware was either mistakenly listed in the caption and introductory paragraph, or was simply listed as a predecessor to Navtech-Florida.[4] There simply is no other way to construe the Complaint without reading into it allegations that are not there. As a result of this, Boat/U.S. had no choice but to proceed with removal or risk the possibility of a later notice of removal being deemed untimely. *See Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986) (notice of removal untimely where it was not filed within 30 days of defendant's receipt of complaint, which provided "clues" as to the diverse citizenships of the plaintiffs).

Prior to filing the Notice of Removal on behalf of Boat/U.S. [Doc. 1], counsel for Boat/U.S. attempted to determine the identities and citizenships of Navtech-Delaware's members. Unfortunately, that information is not on file with the Delaware Secretary of State, no online searches revealed that information, and Boat/U.S. was otherwise unable to ascertain it. But because (1) the only claims against Boat/U.S. are asserted by Navtech-Florida, (2) Navtech-Delaware is not included in any of the factual allegations of the Complaint, and (3) the Complaint itself repeatedly uses the singular term "Plaintiff" and never uses the plural term "Plaintiffs," it appears from the face of the

---

[4] The fact that Plaintiff has not disputed this Court's jurisdiction by timely filing a motion to remand lends credence to this construction.

Complaint, reasonably construed, that Navtech-Delaware is not a real party in interest. Thus, the citizenship of Navtech-Delaware has no impact on diversity jurisdiction.

Based on the foregoing, Boat/U.S. believes that it has met its burden to show complete diversity between the real parties in interest. Like the court in *Choi v. Kim*, it is appropriate for this Court to reasonably construe the Complaint as providing that Navtech-Florida is the only named Plaintiff and real party in interest. Accordingly, there is a legal basis for this Court to find that the citizenship of Navtech-Delaware does not need to be known at this time for the Court to exercise diversity jurisdiction over this case.

In the event that this Court determines that remand is warranted, Boat/U.S. respectfully requests that such a remand be without prejudice to its right to remove at a later time, either as the result of clarification regarding Navtech-Delaware's interest in this case or discovery of information regarding the citizenship of Navtech-Delaware's members. Also, Boat/U.S. acknowledges that this Court has discretion, if it determines that there is an insufficient basis for subject matter jurisdiction at this time, to require payment of just costs and actual expenses incurred as a result of the removal. 28 U.S.C.A. §1447(c). However, Boat/U.S. submits that no just costs have been incurred by Plaintiff, given that it did not contest removal, and further that the removal was made in good faith and for no improper purpose. *Martin v. Franklin Capital Corp.*, 546 U.S. 142 (2005); *Lutz v. Protective Life Ins. Co.*, 328 F.Supp.2d 1350 (S.D.Fla. 2004).

WHEREFORE, Defendant Boat/U.S., Inc., hereby respectfully requests that this Court retain subject matter jurisdiction of the above-described action.

Dated:  July 18, 2018

*s/ Sally R. Culley*
LORI J. CALDWELL, ESQUIRE
Florida Bar No. 0268674
SALLY R. CULLEY, ESQUIRE
Florida Bar No. 0095060
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133

*Attorneys for Defendant Boat/U.S., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Notice of Removal has been furnished to **Robert Phaneuf, Esq.** (Attorney for Plaintiff) by e-mail to robbie.phaneuf@gmail.com and by U.S. Mail to 3585 Deer Creek Palladian Circle, Deerfield Beach, Florida 33442 this 18th day of July, 2018.

*s/ Sally R. Culley*
LORI J. CALDWELL, ESQUIRE
Florida Bar No. 0268674
SALLY R. CULLEY, ESQUIRE
Florida Bar No. 0095060
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

*Attorneys for Defendant Boat/U.S., Inc.*