UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAVTECH US SURVEYORS USSA INC., NAVTECH US CAPTAIN SURVEYORS, INC. and NAVTECH CAPTAIN US SURVEYORS LLC, a Delaware corporation,

        Plaintiffs,

v.                                           Case No:  2:18-cv-416-FtM-38MRM

BOAT/U.S., INC.,

        Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on review of Defendant's Response to the Court's Order to Show Cause (Doc. 19, "Response") filed on July 19, 2018.  On July 12, 2018, the Court ordered Defendant to show cause why this case should not be remanded for failure to establish subject-matter jurisdiction based on the presence of diversity jurisdiction at the time of removal.  (Doc. 17).  In its Order to Show Cause, the Court noted that the citizenship of the members of Navtech Captain US Surveyors LLC ("Navtech LLC") was not stated in the Notice of Removal.  (Doc. 1); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  In its Response,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendant states that because Navtech LLC does not assert any claims against Defendant in the Complaint (Doc. 2) and otherwise does not have a stake in the litigation, it is not a real party in interest and should be disregarded for purposes of determining diversity of the parties.  Prior to filing the Notice of Removal, Defendant attempted to determine the identities and citizenship of Navtech LLC's members, but was unable to do so.  Defendant states that if the case is remanded, it will clarify Navtech LLC's interest in this case and/or seek discovery of information regarding the citizenship of Navtech LLC's members.  (Doc. 19, p. 6).

A "real party plaintiff" is a "person [or entity] entitled under the substantive law to enforce the right sued upon and who generally, but not necessarily, benefits from the action's final outcome."  Black's Law Dictionary 1154 (8th ed. 2004), quoted in *United States ex rel. Eisenstein v. N.Y. City*, 556 U.S. 928, 934-35 (2009).  Here, based on Defendant's admitted uncertainty and assumptions as to Navtech LLC's stake in the litigation, as well as the citizenship of its members, the Court finds that remand for lack of subject-matter jurisdiction is warranted.  The Court is not convinced that Navtech LLC has no stake in the litigation such that it would be proper to disregard the entity for subject-matter jurisdiction purposes.  See *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017) (A removing defendant bears the burden to prove complete diversity at the time of removal.).  Therefore, this matter will be remanded for lack of subject-matter jurisdiction.[2]

---

[2] Defendant requests that case be remanded "without prejudice" to its right to remove at a later time after it has clarification regarding Navtech LLC's citizenship.  (Doc. 19, p. 6).  This is unnecessary because a case may be removed within thirty days after receipt of any "other paper" obtained in state court from which it is first ascertained that the case becomes removable.  28 U.S.C. § 1446(b)(3).  Successive removals that allege a different factual basis for seeking removal

Accordingly, it is now

**ORDERED:**

(1) The Clerk is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

(2) The Clerk is further **DIRECTED** to terminate all pending motions and deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of July 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

and otherwise meet the requirements of Section 1446 are permissible. See *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1331 (M.D. Fla. 2010).

3